```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **LOUIS E. NICHOLS** | **CIVIL ACTION** |
| **versus** | **No.  07-5201** |
| **LLOYDS OF LONDON and LITTON LOAN SERVICING, L.P.** | **SECTION: "I"/5** |

## ORDER

Before the Court is defendant's, Litton Loan Servicing, L.P.'s ("Litton"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and alternative motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  For the following reasons, Litton's motion to dismiss is **DISMISSED AS MOOT** and Litton's motion for judgment on the pleadings is **DENIED** on the condition that plaintiff amend his complaint to properly state a cause of action against Litton.

## BACKGROUND

Plaintiff, Louis E. Nichols ("Nichols"), was the mortgagor of immovable property located at 6534 Memphis St., New Orleans, LA, 70124 (the "subject property").[1]  Prior to Hurricanes Katrina and Rita, Nichols' mortgagee, Litton, purchased a forced placed flood insurance policy from defendant, Lloyds of London ("Lloyds"), which insured the subject policy against flood damage.[2]

---

[1] Rec. Doc. No. 1, p. 2, para. V.

[2] Litton purchased the forced placed policy as a result of Nichols' failure to acquire private flood insurance for the subject property.

According to Nichols, the subject property was totally destroyed, damaged, or otherwise rendered useless by the wind, rain, and/or waters accompanying Hurricanes Katrina and/or Rita.[3] Nichols claims that in the wake of Katrina and/or Rita, Litton "negligently failed to properly prosecute" the flood insurance claim for the subject property, which resulted in an underpayment of flood insurance proceeds and Nichols' inability to repair and inhabit the property.[4]

On August 29, 2007, Nichols filed the above-captioned lawsuit against Litton arguing that, as a result of Litton's failure to "properly prosecute" the flood insurance claim for the subject property, Lloyds underpaid flood insurance proceeds in the amount of $132,032.96.[5] Nichols alleges that, despite the fact that the subject property has not been repaired and remains uninhabitable, Litton requires Nichols to continue making mortgage payments.[6]

On February 28, 2008, Litton filed this motion arguing that Nichols' claims against Litton should be dismissed pursuant to Rule 12(b)(6) or, alternatively, Rule 12(c) of the Federal Rules of Civil Procedure.[7]  Specifically, Litton argues that it had no

---

[3] Rec. Doc. No. 1, p. 3, para. IX.

[4] Rec. Doc. No. 1, pp. 9-10, para. XXXXV.

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. No. 25.

fiduciary duty to pursue an insurance claim on behalf of Nichols and, therefore, Litton cannot be held liable for its alleged failure to do so.[8]

## LAW AND ANALYSIS

### I.   RULE 12(b)(6) AND RULE 12(c)

Considering the fact that Litton filed this motion after filing an answer to Nichols' complaint, the Court shall only consider Litton's alternative motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See, e.g., Apache Oxy-Med, Inc. v. Humana Health Plan, Inc.*, 2006 WL 3742169, at *1-2 (D. Ariz. Nov. 30, 2006); *Hobbs v. City of Dallas*, 2007 WL 846519, at *1 (N.D. Tex. March 20, 2007) ("Because a post-answer Federal Rule of Civil Procedure 12(b)(6) . . . motion is untimely, a Rule 12(c) motion for judgment on the pleadings is the appropriate vehicle to seek dismissal . . . .").

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard to be applied when reviewing a Rule 12(c) motion is the same standard to be applied when considering a motion under Rule 12(b)(6).  *See Kaplan v. City of Arlington*, 184 F.Supp.2d 553, 556 (N.D. Tex. 2002) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)).

---

[8]Rec. Doc. No. 25-2, pp. 3-6.

Pursuant to Rule 12(b)(6), a district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if, the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact."). (citations and footnote omitted)). The Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "'[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 156-59 (3d ed. 2004)).

In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247

(5th Cir. 1997).  "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . .'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (*quoting Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).  "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss."  *Id.* (*quoting Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## II. **DISCUSSION**

Litton argues that Nichols' claims against Litton should be dismissed because Litton had no fiduciary duty to pursue an insurance claim on behalf of Nichols.[9]  Pursuant to Louisiana law,[10] a financial institution, such as Litton, shall have no fiduciary obligation or responsibility to its customers, absent "a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a

---

[9]Rec. Doc. No. 25-2, pp. 3-6.  The Court notes that Litton also argues that, in light of the Court's ruling that Nichols has assertable rights under the forced placed flood insurance policy, Litton cannot be held liable for allegedly failing to pursue a claim that Nichols could have pursued himself. Litton's argument notwithstanding, the Court previously determined that Nichols only has the right to directly pursue claims pursuant to the flood policy in limited circumstances such as replacement cost loss settlement payments and additional living expenses.  Considering the fact that the parties have yet to establish the types of payments at issue in this case, the Court cannot definitively determine that Nichols had the right to pursue those claims which Litton allegedly failed to "properly" pursue on Nichols' behalf.

[10]Nichols does not contest the application of Louisiana law to Nichols' claims against Litton.

fiduciary."[11]

Nichols does not allege the existence of a written agency or trust agreement pursuant to which Litton specifically agreed to act as Nichols' fiduciary while pursuing insurance claims for the subject property. As such, Nichols fails to state a claim against Litton. *See, e.g., Clarkston v. Allstate Ins. Co.*, 2007 WL 128806, at *2 (E.D. La. Jan. 16, 2007) (Feldman, J.).

Nichols' failure to state a claim notwithstanding, "[w]hen a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Hoge v. Parkway Chevrolet, Inc.*, 2007 WL 3125298, at *4 (S.D. Tex. Oct. 23, 2007); *see Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (explaining that the

---

[11]Louisiana Revised Statute 6:1124 provides:

No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships which a financial institution may be a party.

Louisiana Revised Statute 6:1121(4) defines "financial institution" as "a bank, savings and loan association, savings bank, or credit union authorized to transact business in [Louisiana]." Nichols does not dispute that Litton is a financial institution as defined by that section.

Federal Rules of Civil Procedure evince a bias for granting leave to amend); *see also La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F. 2d 1254, 1256 (5th Cir. 1986) ("Generally, when a court dismisses a complaint under Rule 12, the court should allow the plaintiff leave to amend his complaint."). Therefore, Nichols shall be afforded the opportunity to amend his complaint to allege, if he can legitimately do so, facts sufficient to withstand Litton's motion for judgment on the pleadings.

Accordingly,

**IT IS ORDERED** that Litton's motion to dismiss is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Litton's motion for judgment on the pleadings is **DENIED** on the condition that Nichols amend his complaint to properly state a cause of action against Litton. Nichols shall file his amended complaint with the Court **no later than Monday, June 23, 2008, at noon**. Failure to timely file the amended complaint shall result in the granting of Litton's motion for judgment on the pleadings.

New Orleans, Louisiana, June 16, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**